RUTH LIZARAZO, Appellant, v PENSKE TRUCK LEASING et al., Respondents, and SELINA RIVERA, Appellant. (And a Third-Party Action.) [901 NYS2d 717]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated January 9, 2009, as granted that branch of the motion of the defendants Penske Truck Leasing and Juliano Fonseca which was for summary judgment dismissing the complaint insofar as asserted against them, and the defendant Selina Rivera separately appeals, as limited by her brief, from so much of the same order as granted the motion of the defendants Penske Truck Leasing and Juliano Fonseca for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the appeal by Selina Rivera from so much of the order as granted that branch of the motion of the defendants Penske Truck Leasing and Juliano Fonseca which was for summary judgment dismissing the complaint insofar as asserted against them is dismissed, as she is not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiff and insofar as reviewed on the appeal by the defendant Selina Rivera; and it is further,

Ordered that one bill of costs is awarded to the defendants-respondents, payable by the appellants.

The plaintiff was a passenger in a vehicle operated by the de-

fendant Selina Rivera which collided with a vehicle owned by the defendant Penske Truck Leasing and operated by the defendant Juliano Fonseca. At the time of the collision, the Rivera vehicle was traveling in the wrong direction on a circular one-way exit ramp. Rivera alleged that after traveling in the wrong direction for two to three minutes, she saw the Fonseca vehicle for the first time when it was about three car lengths away from her. She tried to veer towards the shoulder to her right and collided with the Fonseca vehicle. The accident occurred "quickly" after she first saw the Fonseca vehicle. Fonseca stated that when he first saw the Rivera vehicle, it was about two van lengths away from him. He tried to veer towards the shoulder to his left and collided with the Rivera vehicle two seconds after he first saw it.

The defendants Penske and Fonseca established their entitlement to judgment as a matter of law by demonstrating that Fonseca was faced with an emergency not of his own making and that Fonseca reacted reasonably under the circumstances (*see Rivera v New York City Tr. Auth.*, 77 NY2d 322 [1991]; *Levine v Li-Heng Chang*, 56 AD3d 530 [2008]). In opposition, the plaintiff and Rivera failed to raise a triable issue of fact as to whether Fonseca contributed to the accident by failing to take reasonable evasive actions. Covello, J.P., Angiolillo, Lott and Roman, JJ., concur.